# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2018

Lyle W. Cayce
Clerk

No. 18-40081
Summary Calendar

PATRICK FITZGERALD ESTER,

Petitioner - Appellant

v.

DALLAS JONES, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-106

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Patrick Fitzgerald Ester, federal prisoner # 06862-041, appeals the district court's grant of summary judgment and denial of his 28 U.S.C. § 2241 petition challenging his disciplinary conviction that resulted in the disallowance of 27 days of good conduct time and other sanctions. Ester argues, as he did in the district court, that the disciplinary proceedings failed to comport with due process because there was insufficient evidence to support

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40081

his conviction for fighting with another person.  He contends that the Disciplinary Hearing Officer (DHO) fabricated evidence by misconstruing statements from the reporting officer that Ester was acting aggressively when he was found wrestling another inmate.

On appeal from the denial of a § 2241 petition, the district court's factual findings are reviewed for clear error, and its conclusions of law are reviewed de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court.  *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012).

When a prisoner has a liberty interest in good-time credits, disallowance of such credits must comply with minimal procedural requirements.  *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Rather, a disciplinary proceeding comports with due process if, among other things not at issue in this appeal, there is "some evidence" in the record to support the disciplinary conviction. *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

In the instant case, the incident report states that the reporting officer observed Ester fighting and wrestling in an aggressive manner, as evidence by the fact that he and the inmate were bumping into the locker and the bunk. Thus, Ester's argument is without support.  Moreover, we do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction.  *Richards*, 394 F.3d at 294.   The incident report constitutes "some evidence" to support the

disciplinary conviction, and Ester did not establish a due process violation. *See Richards*, 394 F.3d at 294.

Accordingly, the district court did not abuse its discretion in granting summary judgment or in denying § 2241 relief. *See McFaul*, 684 F.3d at 571; *Christopher*, 342 F.3d at 381. The judgment of the district court is AFFIRMED.